IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNYLVANIA

| | |
|---|---|
| WILLIAM P. SIMS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:11-cv-01396 |
| ) | |
| AMERICAN POSTAL WORKERS ACCIDENT ) | Judge Mark R. Hornak |
| BENEFIT ASSOCIATION, ) | |
| ) | |
| Defendant ) | |
| ) | |
| and ) | |
| ) | |
| AMERICAN POSTAL WORKERS ACCIDENT ) | |
| BENEFIT ASSOCIATION PENSION PLAN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is the Defendants' Motion to Transfer this civil action to the United States District Court for the District of New Hampshire. For the reasons which follow, the Motion will be GRANTED and this civil action will be transferred to that court pursuant to the provisions of 28 U.S.C. § 1404(a).

This action is brought by William P. Sims, Jr., who is appearing *pro se*. Sims is a retired senior officer of the Defendant American Postal Workers Accident Benefit Association ("APWABA" or "Association"), serving as its national director from September 1, 2004 through August 2006. Sims brings this claim under the Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. § 1001 *et seq.*, and 29 U.S.C. § 1132, claiming that the Defendants denied him a pension benefit in the amount he believed he was entitled. Sims claims that his pension payment should be $281.38 per month greater than is being paid to him. Sims seeks all relief that might be available to him under the provisions of ERISA. (ECF No. 1, ¶6)

Defendants responded to Sims' complaint by moving to transfer this action to the United States District Court for the District of New Hampshire, claiming that under the provisions of 28 U.S.C. § 1404(a) and the case law developed by our Court of Appeals, the action more properly lies in that judicial district, and noting that the case could have been brought there in the first instance, and venue and jurisdiction over Defendants is proper in that district. (ECF No. 2) Defendants allege that applying the "private" and "public" factors identified by our Court of Appeals in *Jumara v. State Farm Insurance Company*, 55 F.3d 873, 879-80 (3d Cir 1995), this litigation would more conveniently proceed, and the interests of justice would be better served, by its transfer from this court to the federal court in New Hampshire.

Specifically, Defendants point to (and Plaintiff concedes) the fact that they are organized under New Hampshire law and regularly conduct their business in the State of New Hampshire. (ECF No. 1 at ¶2) This dispute focuses on an interpretation of the pension plan ("Plan") applicable to Sims and its other elected officers and employees and based on their work in the State of New Hampshire. Defendants note that the Plan is administered by a Plan Administrator in New Hampshire, who also serves as the Association's national director. (ECF No. 3 at ¶¶6-9) By affidavit (ECF No. 5), the Defendants have informed the Court (without contradiction by Plaintiff) that all decisions concerning benefits due to participants in the Plan, along with all fiduciary decisions regarding it and its general administration, occur within the State of New Hampshire. Defendants also contend that the Defendant Association, its board of directors, the

Plan and the Plan Administrator are all physically located in New Hampshire, as are the books and records related to the Plan, its administration, Sims' claims for benefits and all benefit payments to him.

Defendants recognize that a critical factor in the transfer decision is the preference of the Plaintiff (ECF No. 3 at ¶6), who now resides in and has brought this action in this Court.[1] The record material submitted by Plaintiff and Defendants demonstrates that not until only shortly before, or at or about the time of, the filing had Plaintiff Sims resided in this District and previous to that had resided consistently in the District of New Hampshire.[2]

In response, Plaintiff argues that this is a "very simple case, if the Defendants would work [with Plaintiff] to expedite the judicial process." (ECF No. 12 at ¶2) Further, Plaintiff contends that his financial situation is "very tight," that he is currently unemployed, living on partial "pensions," and that he has two children in their last year of college. According to Plaintiff, this means that his financial situation counsels that the Western District of Pennsylvania is the preferred venue for him. (ECF No. 12 at ¶4)

At the same time, Plaintiff in his filings makes several averments which actually strongly favor transferring the case to the District of New Hampshire. Plaintiff points out that he believes there are two (2) other Plan-covered retirees who have a similar benefit calculation issue – one residing in the State of California and the other currently residing in the State of New

---

[1] ERISA provides that civil actions to enforce rights under it may be brought in the district where the plan is administered, in the district where the breach took place, or in a district where the defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Plaintiff's *pro se* complaint is sparse, to say the least, in factual allegations as to why this District is a proper venue for this action, and Defendants have not contended that venue is wholly improper in this District in the first instance under either 28 U.S.C. § 1406 or 29 U.S.C. § 1132(e)(2). (ECF No. 3 at ¶4). Thus, the Court will consider Defendants' Motion as solely one for transfer under 28 U.S.C. § 1404(a).

[2] Defendants assert that according to the change of address notice Plaintiff sent to them, this action was filed one (1) month after Plaintiff moved to this District (ECF No. 3 at ¶6). Plaintiff contends that he moved to this District in June 2011, five (5) months before it was filed. (ECF No. 12 at ¶3). In any event, by his own admission, Plaintiff would have begun receiving the allegedly improperly calculated benefits four (4) months before he relocated from New Hampshire to this District. (ECF No. 1 at ¶5, No. 12 at ¶3).

Hampshire. (ECF No. 12 at ¶5) Further, in a filing captioned "Report of Additional Defendant Misconduct and Notice of Related Action," Plaintiff advises the Court that on or about January 26, 2012 the Defendant Pension Plan brought an action against its former actuary Thomas P. Tierney in the United States District Court for the District of New Hampshire, pending at Docket No. 12-cv-29-LM. (ECF No. 19 at ¶2) According to Plaintiff, that pending New Hampshire action and this case are related actions "because of a significant overlap in parties, witnesses, counsel and, most importantly, issues." (ECF No. 19 at ¶3) In that regard, according to Plaintiff the Defendants have engaged in a series of actions, culminating in that New Hampshire lawsuit, and beginning with a demand letter dated December 5, 2011 from counsel for the Plans to Mr. Tierney aimed at intimidating Mr. Tierney regarding his alleged actions on behalf of the Defendant Plan. (ECF Nos. 18, 19)[3]

Based on a full consideration of the factors set forth in 28 U.S.C. § 1404(a), namely the convenience of the parties and witnesses and the interest of justice, and those factors recognized by our Court of Appeals in *Jumara*, the Court concludes that this action should proceed in the District of New Hampshire and not in this District.[4] Although the Plaintiff is appearing *pro se*, is now a resident of this District, and claims to have limited financial ability to pursue this litigation which would likely make it facially more convenient for Plaintiff's case to remain in this Court,

---

[3] Subsequent to the filing of the Motion for Transfer, the Defendants have also filed a Motion to Dismiss pursuant to Fed.R.Civ.Pro. 12(b)(6) and have filed an opposition (ECF No. 16) to Plaintiff's self-styled Report of Defendant Misconduct and Motion for Sanctions. (ECF No. 15)

[4] The *Jumara* court characterized the relevant factors as "public" – enforcement of a judgment, practicality/ease/expense of trial, an interest in the decision of local interests locally, applicable public policy, administrative burdens on the respective courts – and "private" – plaintiff's forum preference, defendant's forum preference, where the claim arose, convenience of the parties, the relative financial and physical condition of the parties, to convenience of the witnesses, and the location of books and records. 55 F.3d at 879-80.

all of the other §1404(a) and *Jumara* factors are overwhelmingly in favor of transferring the litigation and disposition of this action to the District of New Hampshire.[5]

All of the Defendants are present in New Hampshire. The Plaintiff's underlying service (for which the benefits in question have accrued and have been and will be recompensed through a pension) occurred when the Plaintiff was employed in New Hampshire. The Plan Administrator and all of the Plan records, including those related to Plaintiff's claim for benefits and its calculation, are located in New Hampshire. Plaintiff's self-identified sole witness has his office nearby in Framingham, Massachusetts, which means that all of the witnesses are either in or very close to New Hampshire. *See Buckley v. McGraw-Hill, Inc.*, 762 F.Supp. 430, 440 (D. N.H. 1991) (no showing of greater convenience to witnesses from requested transfer). The Plaintiff, by his own admission, advises that a recently-filed related case involving same or similar parties, issues and claims is now pending in the United States District Court for the District of New Hampshire. To the extent that there are other Plan participants similarly situated to Plaintiff, whose benefit treatment would be involved in the consideration of Plaintiff's claims, records regarding them are also located in New Hampshire.[6]

Some travel by someone will be inevitably involved in the litigation of this case. Were the case to proceed here, in the Western District of Pennsylvania, defense witnesses along with third-party witnesses, along with Mr. Tierney (whom Plaintiff has identified as his sole witness,

---

[5] Our Court of Appeals has upheld the transfer of a *pro se* civil action. *See In re Kissi*, 353 Fed. Appx. 774 (3d Cir. 2009).

[6] While there is some authority for according greater judicial reluctance to the transfer of an ERISA action, Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3848, n.21 (2007), courts have transferred such actions where the § 1404(a) and case law factors have strongly supported transfer, *McFarland v. Yegen*, 699 F.Supp. 10 (D. N.H. 1988), particularly when the operative facts of the case have no material connection to the district in which the action was filed. *Id.* Not only is that true here, but it must be noted that by Plaintiff's own admission, the allegedly improperly calculated benefits were first paid, *e.g.* the breach first occurred, to Plaintiff (the Defendant Association's former National Director/Secretary/Treasurer) at least four (4) months before he moved from New Hampshire.

ECF No. 19 at ¶1), would have to travel to the Western District of Pennsylvania. Conversely, should the action be litigated in the District of New Hampshire, it would appear that the Plaintiff alone would have to travel to New Hampshire. Further, given the nature of his claim, it is likely that it may be resolved in whole or in part based on an interpretation of the Plan and benefit calculation documents (as opposed to repetitive or lengthy in-court trial proceedings).[7] Considered as a whole, all of these factors strike the balance heavily in favor of the action being litigated in New Hampshire, particularly given that there is no doubt that the State of New Hampshire can exercise personal jurisdiction over the Defendants, and that venue provisions of ERISA provide that the case could have been brought there in the first instance.[8] 29 U.S.C. § 1132(e)(2)

Finally, there is no peculiar local interest in resolving this controversy in this District. It appears from all the filings in the case that the Plaintiff resided in the State of New Hampshire when he applied for and first began receiving the benefits at issue, and the ongoing administration and disposition of those benefits, including payments to the Plaintiff, occurs in and from the State of New Hampshire. In short, there is no compelling Pennsylvania or Western District of Pennsylvania interest in the litigation of this action which would outweigh the many factors counseling in favor of transfer of this action.

---

[7] While the Plaintiff is currently *pro se*, he may of course retain counsel in New Hampshire, and should he be successful in this action, recover his attorneys' fees and costs. 29 U.S.C. § 1132(g). Further, it would appear that the Local Rules of Court for the District of New Hampshire would permit his participation in certain pretrial proceedings by telephone, with leave of Court. LR 16.3.

[8] As noted earlier, on the record before the Court, it is not at all clear that venue is proper in this District, even given ERISA's liberal venue provisions. The Plan is not administered here and there is no factual basis presented from which to conclude that it may be "found" here. Furthermore, the breach of the Plan provisions would have occurred with the first improperly-calculated payment in March 2011, when both the Plan and Plaintiff were located in New Hampshire, which would obviate the need to resolve the age-old "where sent from/where received" debate relative to where an ERISA breach occurs. *See Turner v. CF&I Steel Corporation*, 510 F.Supp. 537, 541 (E.D. Pa. 1981) (breach of plan provisions occurred in districts where payment amount decisions were made and from which payments were sent), *see also* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction: 3825, n.23-24 (2007).

6

While the Court is cognizant of Plaintiff's *pro se* status, and recognizes that the venue and forum chosen by the Plaintiff is entitled to considerable weight, those factors are not conclusive when considered in the context of the entire record. While this Court is generally hesitant to transfer a matter from this Court's docket to that of a sister District in our federal system, the application of 28 U.S.C. § 1404(a), the factors identified by our Court of Appeals in *Jumara*, the facts submitted as of record in the affidavit of the Defendant and those admitted in the pleadings and other filings of the Plaintiff as noted above strongly favor the transfer of this action to the United States District Court for the District of New Hampshire.

In light of that disposition, the Court will take no action regarding the Defendants' Motion to Dismiss pursuant to Fed.R.Civ.Pro. 12(b)(6) or the various pleadings filed by the Plaintiff and Defendants relating to some alleged form of litigation misconduct related to claims asserted by the Defendants against Mr. Tierney.[9]

An appropriate order will issue.

Mark R. Hornak
United States District Judge

Dated: March 7, 2012

---

[9] To the extent that there is any merit to the Plaintiff's assertions of "misconduct" on the part of Defendants relative to Mr. Tierney or related to his service as actuary to the Plan (as to which matters this Court makes no finding), the District Court in New Hampshire is in a far better position to address those matters, given the pendency of the Plan's claim against Mr. Tierney there and the fact of Mr. Tierney's service to the Plan in New Hampshire.

7